UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DUSTIN PATRICK CURTIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-cv-1810-SNLJ |
| ) | |
| TED HOUSE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Dustin Patrick Curtis, an inmate at the St. Charles County Department of Corrections, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information therein, the Court has determined to grant the motion, and assess an initial partial filing fee of $4.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court will assess an initial partial filing fee and after payment of that fee, the prisoner will be required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In the instant motion, plaintiff avers he receives $20 per month. The Court will therefore assess an initial partial filing fee of $4.00, which is twenty percent of plaintiff's average monthly deposit. Any claim that plaintiff is unable to pay that amount must be supported by a certified copy of plaintiff's institution account statement.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*,

623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## Background

Review of the State of Missouri's online docketing system shows that plaintiff is a defendant in a criminal case that is currently pending in the Circuit Court for St. Charles County. *See State v. Dustin Patrick Curtis*, Case No. 1811-CR00257-01 (11th Jud. Cir. 2018). In that case, plaintiff is facing charges of kidnapping, rape or attempted rape, domestic assault, and unlawful use of a weapon. The Honorable Ted House, who is named as a defendant in the instant matter, is the presiding judge.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Judge House, the St. Charles County Circuit Court, Sarah Hunter, Tammy Smiley and Dr. Lisa Mathews. Plaintiff sues the defendants in their official and individual capacities. His claims arise under the Sixth Amendment. He alleges as follows.

Judge House ordered plaintiff to undergo a mental health examination to determine his competency to stand trial. Plaintiff filed a motion asking that his lawyer be present during the examination, but Judge House neither granted nor denied it.

On March 27, 2019 plaintiff was transferred to the Department of Mental Health. He gave defendant Smiley a copy of a "Notice of Intent to Remain Silent and Request for Counsel," but Smiley failed to take the steps necessary to ensure his lawyer was present during the examination. Defendant Hunter was assigned to be plaintiff's caseworker. Plaintiff gave her a

copy of the "Notice of Intent to Remain Silent and Request for Counsel," but she failed to take the steps necessary to ensure his lawyer was present during the examination. On June 6, 2019, Dr. Mathews performed the examination. Plaintiff asked her if she had read his "Notice of Intent to Remain Silent and Request for Counsel." She said she had, and proceeded with the examination even though plaintiff's lawyer was not present.

Plaintiff repeatedly alleges that the defendants violated his constitutional right to have his lawyer present during the mental health examination. He seeks $1 million in damages.

**Discussion**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). Section 1983 provides no substantive rights; it merely provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright v. Oliver*, 510 U.S. 266, 271 (1994) (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred"). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's claims against all of the defendants are solely premised upon their failure to ensure his lawyer was physically present during the mental health examination. Plaintiff makes no allegations that can be understood as alleging he was denied counsel at a time he was confronted by the procedural system or by the prosecuting attorney, or with respect to a decision requiring legal advice such as whether to submit to the examination or the end to which the

examiner's findings could be used. Instead, plaintiff focuses on the fact his lawyer was not physically present during the examination itself. The only conceivable role for counsel in that situation would have been to observe. The Sixth Amendment does not guarantee any right to the physical presence of defense counsel at a government mental health evaluation of a criminal defendant. *U.S. v. Byers*, 740 F.2d 1104, 1119 (D.C. Cir. 1984); *see also U.S. v. Trapnell*, 495 F.2d 22, 24 (2d Cir. 1974) (citing *U.S. v. Baird*, 414 F.2d 700, 711 (2d Cir. 1969)). Because plaintiff's allegations fail to establish the violation of a right secured by the Constitution or laws of the United States, he has failed to state a claim under § 1983.

Even if it could be said plaintiff's allegations established the violation of a federally-protected right, this Court would abstain from exercising jurisdiction over his claims pursuant to the *Younger*[1] doctrine. Under *Younger*, federal courts should abstain from exercising their jurisdiction if there is an ongoing state proceeding that implicates important state interests and provides an adequate opportunity to raise any relevant federal questions. *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012), *Cormack v. Settle-Beshears*, 474 F.3d 528, 532 (8th Cir. 2007). Clearly, plaintiff's ongoing state criminal proceedings implicate important state interests, as the State has an important interest in enforcing its criminal laws. Further, plaintiff can raise his Sixth Amendment claims in those proceedings. Finally, this Court detects no bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate. *See Gillette v. N. Dakota Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010).

After carefully reading and liberally construing the complaint, the Court concludes that plaintiff's allegations fail to state a claim under 42 U.S.C. § 1983, and that even if they did, the Court would abstain from considering them pursuant to the *Younger* doctrine. Plaintiff is clear about the claims he wishes to bring, and it is apparent that the problems with the complaint could

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

not be cured by permitting plaintiff to file an amended pleading. The Court will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $4.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 2) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 6th day of September, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE